IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALEXANDER M. JOHNSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 5:14-CV-383 (MTT) |
| | : | |
| BIBB COUNTY LAW ENFORCEMENT CENTER, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

On October 28, 2014 Plaintiff Alexander M. Johnson, a pretrial detainee at the Bibb County Law Enforcement Center, mailed a letter to the Clerk of Court in which he complained that he had endured harassment, threats, and physical assaults from other inmates; inadequate medical care; and theft of personal property during his one-year incarceration at the Bibb County Law Enforcement Center. (Doc. 1). He claimed that his ribs were "stuck together"; he had back and neck pain; and "[i]nternal bleeding" in his chest. (Doc. 1). Plaintiff also alleged that he should not be incarcerated for aggravated stalking because those charges were "suppose[d] to be dropped a long time ago." (Doc. 1). The Court construed the letter as an action brought under 42 U.S.C. § 1983. (Doc. 1).

The Court received three additional letters from Plaintiff. In these letters, he complained that the charges against him still had not been dropped; his criminal case had been improperly continued on numerous occasions; he was denied grievance forms, medical care, and food; he had food poisoning; and he had been improperly housed with dangerous inmates. (Docs. 4-6). Plaintiff also requested assistance to "get a lawsuit started." (Doc. 5). The Clerk of Court

responded to the letters, informing Plaintiff of his civil action number and explaining that his action in this Court would address the alleged adverse treatment he received during his incarceration and would not "deal[] with any of the criminal charges associated with [Plaintiff's] incarceration." (Doc. 7).

On December 4, 2014, the Court ordered Plaintiff to either pay the required $350.00 filing fee or submit a motion to proceed *in forma pauperis* and to file his complaint on the standard § 1983 form. (Doc. 8). *In forma pauperis* forms and a §1983 form were forwarded to Plaintiff and he was given 21 days to comply with the December 4, 2014 Order. (Doc. 8).

Instead of complying, Plaintiff sent a fifth letter to the Court explaining he "entered a plea of mental incompetency to stand trial" and he was going to receive a psychiatric evaluation. (Doc. 9). He asked to be "assist[ed] and help[ed] … in this situation as much as possible" and to be given the materials he needed for this lawsuit. (Doc. 9).

On March 11, 2015, the Court notified Plaintiff that it had already provided the materials he needed for his lawsuit and ordered that he show cause to the Court why his case should not be dismissed for failure to comply with the December 4, 2015 Order. (Doc. 10). To give Plaintiff one final opportunity to comply, the Court forwarded a copy of the December 4, 2014 Order, the appropriate *in forma pauperis* forms, and a 42 U.S.C. § 1983 form to Plaintiff and ordered him to complete and return the forms within 14 days. Plaintiff was told his failure to do so would result in the dismissal of his case. (Doc. 10).

Plaintiff has not returned the required forms. It appears he is no longer housed at the Bibb County Law Enforcement Center because the Court's mail has been returned as undeliverable. Plaintiff has not provided the Court with a current address. Therefore, this case is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to comply with the orders of the Court and to

prosecute this action.

      **SO ORDERED**, this 6th day of April, 2015.

                                          <u>S/ Marc T. Treadwell</u>
                                          MARC T. TREADWELL
                                          UNITED STATES DISTRICT COURT

lnb